**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROCKET AEROHEAD CORPORATION,**

Plaintiff,

v.

**VICTOR JAY LIECHTY, II,**

Defendant.

Civil No. 01-333 (JEL/JGL)

**O R D E R**

APPEARANCES

Alfred Edwall, Jr., Esq., for Plaintiff

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 1, 2002 on Plaintiff's Motion to Compel Responses to Discovery Requests and for Expenses (Doc. No. 45). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Before the Court briefly addresses the substantive aspects of the motion, a few comments regarding basic procedure are warranted. This case has come before the Court twice for pretrial motion hearings. Both times, Defendant's counsel failed to appear at the hearing.[1] Both times, this Court

[1] After the most recent hearing, during which Plaintiff's motion was granted from the Bench, Defendant's counsel came to chambers seeking to be heard on the motion. In the future, counsel must timely appear in the

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

did not receive a responsive memorandum from Defendant prior to the hearing as required by D. Minn. LR 5.2(b)(2). When a party fails to timely deliver a memorandum of law, the Court may strike the hearing, refuse to permit oral argument by the offending party, consider the matter without oral argument, order attorney's fees, or proceed in any other appropriate manner. See D. Minn. LR 7.1(d). In this case, the Court granted Plaintiff's motion in its entirety from the Bench and ordered Defendant's counsel to pay $500.00 in attorney's fees, $250.00 of which was stayed pending Defendant's timely compliance with the Court's Order regarding discovery.

The Court's Order stands. Defendant must respond fully to Interrogatories No. 7 and 14 by identifying all products he claims infringe any claim of the '206 patent, and Defendant must state in detail how each such product meets each element of each claim of the '206 patent. With respect to Defendant's assertion that it cannot produce the requested discovery because Plaintiff has not provided engineering drawings, the Court accepts Plaintiff's representation that no such drawings exist. Defendant must respond to the interrogatory to the best of its ability considering the information provided by Plaintiff. Moreover, the construction of a patent claim does not require discovery, and it is therefore proper to propound an interrogatory asking how a

---

courtroom at the appointed time and will not be allowed to "appear" in chambers after the motion has been heard.

patent claim is infringed. See Carver v. Velodyne Acoustics, Inc., 202 F.R.D. 273, 274 (W.D. Wash. 2001).

Defendant also must respond fully to Interrogatory No. 15 and produce documents responsive to Document Requests No. 10, 16, and 19. Defendant must provide all ordered discovery by October 15, 2002. In addition, Defendant's counsel must pay $250.00 in attorney's fees by October 15, 2002.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Responses to Discovery Requests (Doc. No. 45) is **GRANTED**. Defendant must provide the discovery ordered by October 15, 2002.

(2) Plaintiff's Motion for Expenses (Doc. No. 45) is **GRANTED**. Defendant's counsel must pay $500.00 in attorney's fees, $250.00 of which is stayed pending Defendant's timely compliance with this Order. The other $250.00 must be paid by October 15, 2002.

Dated: October 1, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge