**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROCKET AEROHEAD CORPORATION,**

Plaintiff,

v.

**VICTOR JAY LIECHTY, II,**

Defendant.

Civil No. 01-333 (JEL/JGL)

**O R D E R**

APPEARANCES

Alfred Edwall, Jr., Esq. for Plaintiff

Michael P. North, Esq. for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on November 4, 2002 on Michael P. North's Motion to Withdraw as Attorney (Doc. No. 56) and Plaintiff's Motion for Sanctions Against Defendant for Failure to Appear at Deposition (Doc. No. 58). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**Michael P. North's Motion to Withdraw as Attorney**

Defendant's counsel, Michael P. North, is seeking to withdraw as counsel without substitution. In his affidavit, Mr. North explains that this

FILED NOV 0 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

lawsuit originated as a declaratory judgment action and included false advertising claims against Defendant Liechty. The false advertising claims triggered Travelers Insurance Company's payment of Liechty's defense. On September 26, 2002, the District Court dismissed the false advertising claims, and Travelers informed Mr. North it would no longer pay for Liechty's defense. Defendant desires to have Mr. North continue to represent him, but Mr. North has told Defendant that a retainer of $60,000.00 would be required to continue representation. Defendant is willing to pay a retainer of $10,000.00 to $15,000.00 and has sent Mr. North a check in the amount of $4000.00. Mr. North's position remains that he cannot provide a defense to Plaintiff's claims and prosecute a counterclaim in the absence of reasonable payment for his services. Both Plaintiff and Defendant Liechty oppose Mr. North's motion to withdraw.

Mr. North's motion is denied without prejudice. He has not shown that Defendant has failed to pay for any legal services; the only dispute seems to be the amount of the retainer. In addition, even if Defendant had not paid Mr. North, this Court has been reluctant to allow withdrawal on that basis, especially when substitute counsel has not been obtained. Mr. North may renew his motion if the case survives dispositive motions and if Defendant Liechty obtains substitute counsel, or he may file a Notice of Withdrawal

accompanied by a Substitution of Counsel at any time as permitted by D. Minn. LR 83.7(b).

**Plaintiff's Motion for Sanctions Against Defendant for Failure to Appear at Deposition**

Plaintiff asks for an order sanctioning Defendant Liechty for his failure to appear at a noticed deposition. Plaintiff also asserts that Defendant failed to answer to document requests and has not provided signed answers to interrogatories. Plaintiff asks the Court for attorney's fees and costs incurred in bringing this motion and for an order requiring Defendant to appear at Plaintiff's counsel's office for a deposition on a date certain.

Plaintiff's motion is granted. On October 1, 2002, this Court ordered Defendant to respond fully to Plaintiff's interrogatories. Although Defendant responded, he did not provide signed answers to the interrogatories as required by the Federal Rules of Civil Procedure. If Defendant has not yet provided signed answers to any interrogatories, he is ordered to do so immediately. As for the document requests, Defendant's counsel gave purportedly responsive documents to Plaintiff's counsel at the hearing. However, due to the untimeliness of the production, the Court is unable to determine whether the response is sufficient. Finally, Defendant Liechty is sanctioned under Federal Rule of Civil Procedure 37(d) for failing to attend a noticed deposition. His purported reason is that he was in the process of finding a new attorney. (Def. Mem. Opp. Mot. Sanctions at 1.) In a letter dated

October 8, 2002, Mr. North wrote that Defendant would not appear for the deposition noticed on October 22, 2002, because of a scheduling conflict and because Defendant would be retaining a new lawyer. On October 16, 2002, Mr. North suggested that the deposition be postponed until Defendant found substitute counsel, which Mr. North indicated would occur by the end of that week or early the next week. As of November 4, 2002, however, Defendant had not obtained substitute counsel, nor is there any indication that he has attempted to do so. Rather, his letter of October 29, 2002 to the Court suggested that he does not want Mr. North to withdraw as his attorney, but if the Court allowed Mr. North to withdraw, Defendant requested at least sixty days to obtain a new lawyer.

For Defendant's conduct with respect to the noticed deposition, he is sanctioned $1000.00. However, this amount is stayed as long as Defendant appears at a deposition as ordered by this Court. Mr. North remains Defendant Liechty's attorney, and there is no reason to delay further the deposition. Defendant and his attorney are ordered to appear at the offices of Plaintiff's counsel on November 22, 2002 at 9:00 a.m. The Court understands that this arbitrary date and time may present a scheduling conflict for the attorneys or Defendant. Thus, if there is a scheduling conflict, the parties may

change the date of the deposition, but the deposition must take place on or before November 29, 2002.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Michael P. North's Motion to Withdraw as Attorney (Doc. No. 56) is **DENIED**;

(2) Plaintiff's Motion for Sanctions Against Defendant for Failure to Appear at Deposition (Doc. No. 58) is **GRANTED**, but the payment of $1000.00 is stayed pending Defendant's appearance at his deposition; and

(3) Defendant must appear at the offices of Plaintiff's counsel on November 22, 2002 at 9:00 a.m. for his deposition. If there is a scheduling conflict, the parties may change the date of the deposition, but the deposition must take place on or before November 29, 2002.

Dated: November 6, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge