**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ROCKET AEROHEAD CORPORATION,**

Plaintiff,

v.

**VICTOR JAY LIECHTY, II,**

Defendant.

Civil No. 01-333 (JEL/JGL)

**ORDER**

---

APPEARANCES

Alfred Edwall, Jr., , Esq., appeared for Plaintiff.

Michael P. North, Esq., appeared for Defendant.

---

This case came before the undersigned United States Chief Magistrate Judge Jonathan Lebedoff on January 16, 2003, on Defendant's Motion to Modify Scheduling Order (Doc. No. 74) and Defendant's Expedited Motion to Compel Discovery (Doc. No. 77). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**A. <u>Defendant's Motion to Modify Scheduling Order</u>**

Defendant moves the Court to modify the Scheduling Order to extend the expert witness deadline from February 1, 2003, to April 1, 2003, in order to allow new counsel time to prepare Defendant's case. Defendant's

FILED JAN 16 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

current counsel had previously moved this Court to withdraw as counsel, but this Court declined to allow the withdrawal because substitute counsel had not been obtained. Defendant has found new counsel who has submitted an affidavit stating that he would be able to enter an appearance on Defendant's behalf if the deadline to designate expert witnesses was extended by two months.

Plaintiff opposes the motion, arguing that Defendant should have had an expert identified before filing his patent infringement counterclaim against Plaintiff and that Defendant should be granted no additional time to now name an expert. Plaintiff further argues that an extension of time will unnecessarily delay the proceedings and burden Plaintiff. Defendant claims that the extension of the expert deadline would not necessitate extension of any of the other deadlines in this case.

This Court finds that good cause exists in this case to extend the expert deadline if Defendant obtains new counsel. Defendant is entitled to be represented by counsel who has had an opportunity to prepare the case. A two month extension of the expert deadline should not unduly burden Plaintiff, particularly if the case retains its ready for trial deadline. Defendant has ten days from the date of this Order to file a Substitution of Counsel with this

Court pursuant to Local Rule 83.7[1], showing that Defendant has obtained new counsel who is appearing on his behalf in this case. If the Substitution of Counsel is timely filed, the Scheduling Order in this case shall be modified so that the expert deadline is extended from February 1, 2003, to April 1, 2003. If the Substitution of Counsel form is not timely filed, the Scheduling Order will not be modified.

**B. Defendant's Expedited Motion to Compel**

Defendant moves the Court for an order compelling responses to Defendant's First Sets of Interrogatories and Requests for Production of Documents. Plaintiff's responses were due on January 9, 2003, but as of the date of the motion hearing, Defendant had served no responses.

At the hearing on this motion, Plaintiff's counsel represented that he would be providing responses to Defendant's discovery requests today, January 16, 2003. Accordingly, this Court ruled from the bench that, based on Plaintiff's counsel's representations, Defendant's Motion to Compel would be considered moot so long as Plaintiff provided responses to Defendant's discovery no later than January 17, 2003. The Court noted and Plaintiff's counsel acknowledged that failure to provide responses by January 17 could subject Plaintiff to sanctions.

---

[1]Based on the present motion, this Court waives the requirement under LR 83.7 that substitution not delay "other progress of the case."

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant's Motion to Modify Scheduling Order (Doc. No. 74) is **GRANTED** as follows: Defendant has ten (10) days from the date of this Order to file a Substitution of Counsel with this Court. If the Substitution of Counsel is timely filed, the Scheduling Order in this case shall be modified so that the expert deadline is extended from February 1, 2003, to April 1, 2003. If the Substitution of Counsel is not timely filed, the Scheduling Order will not be modified; and

(2) Defendant's Expedited Motion to Compel Discovery (Doc. No. 77) is **DENIED AS MOOT** so long as Plaintiff provides responses to Defendant's First Sets of Interrogatories and Requests for Production of Documents no later than January 17, 2003.

Dated: January 16, 2003

Jonathan Lebedoff
Chief United States Magistrate Judge