**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

JNE

Rocket Aerohead Corporation,

Plaintiff,

v.

Victor Jay Liechty, II,

Defendant.

Case No. 01-333 JEL/JGL
Judge Joan Ericksen Lancaster
Magistrate Judge Jonathan G. Lebedoff

**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

The parties hereto, through their respective counsel, hereby stipulate and request that the Court enter a Protective Order pursuant to the Federal Rules of Civil Procedure as follows:

1. It is agreed between the parties hereto that any writing, document, information or material disclosed by either party through discovery in the course of this civil action shall be deemed to be "CONFIDENTIAL" and held by each party in confidence and shall be used solely for the purposes of prosecuting a claim or defense in these civil actions. Provided, however, that this paragraph shall not be applicable to any writings, documents, or testimony which has been previously disseminated or distributed by the parties to third parties without regard to its confidentiality.

2. The parties further agree that access to highly confidential documents, testimony, information or material may be further restricted by stamping each page of such material "ATTORNEYS EYES ONLY," or in the case of a large number of documents, clearly identifying any box or files in which they are produced as "ATTORNEYS EYES ONLY." Such a designation shall not be made on a wholesale basis but shall be limited to documents, information or material which counsel in good faith concludes after a reasonable inquiry are highly confidential financial or

FILED 4-10-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

business information which might harm a party's business if disclosed to the other parties or competitors, or might injure a third party's privacy rights. Documents stamped "ATTORNEYS EYES ONLY" shall not be exhibited or disclosed to anyone other than counsel for the parties, employees or agents of counsel for the parties, designated experts subject to the limitations herein, or as necessary in the course of litigation to court reporters, the Court and its personnel.

3. Prior to disclosing any "ATTORNEYS EYES ONLY" documents or information to an expert, the party seeking disclosure shall serve upon the other party the name, address, employment, and curriculum vitae of the proposed expert. If the producing party objects to the identity of the proposed expert within ten (10) days of service, then the parties will seek a ruling from the Court on the propriety of disclosure and no "ATTORNEYS EYES ONLY" information will be disclosed to the proposed expert until a ruling is made by the Court.

4. "ATTORNEYS EYES ONLY" documents, information or material shall not be disclosed to any expert or consultant to any party unless and until such person has signed and returned to counsel for the party seeking to disclose highly confidential material to an expert a written agreement that he or she agrees to be bound by the terms of this Protective Order.

5. Any party may object at any time to the proprietary of classifying any material as "ATTORNEYS EYES ONLY" by serving a written objection on the producing party's counsel. Thereafter, the producing party shall within ten (10) days respond to such objection by either agreeing to remove the designation or stating the reasons why the designation was made. If the parties are unable to agree within ten (10) days of the producing party's response to an objection to designating material as "ATTORNEYS EYES ONLY," the receiving party may move the Court for an order removing the "ATTORNEYS EYES ONLY" designation.

6. Nothing in this Order shall prevent or restrict the parties from using or disclosing any material that was submitted to them by a non-party.

7. At the conclusion of this civil action, including all appeals, all copies of "ATTORNEYS EYES ONLY" documents, testimony, information or material thereof shall be returned to counsel for the producing party.

8. Any party may on written notice apply to the Court at any time for modification of this Order.

**EDWALL LAW OFFICE**

Dated: ________________, 2003

By: ______________________________
Alfred H. Edwall, Jr. (#0166984)
70 County Road C West
Suite #704
Little Canada, Minnesota 55117
Telephone (651) 489-7371

**ATTORNEY FOR PLAINTIFF**

**MORRISS, BATEMAN, O'BRYANT, CAMPAGNI**

Dated: April 1, 2003

By: ______________________________
Wesley Lang (#4613)
136 South Main Street
Suite #700
Salt Lake City, UT 84101

**ATTORNEY FOR DEFENDANT**

**IT IS ORDERED**

Dated: ________________, 2003

______________________________
United States Magistrate Judge

6. Nothing in this Order shall prevent or restrict the parties from using or disclosing any material that was submitted to them by a non-party.

7. At the conclusion of this civil action, including all appeals, all copies of "ATTORNEYS EYES ONLY" documents, testimony, information or material thereof shall be returned to counsel for the producing party.

8. Any party may on written notice apply to the Court at any time for modification of this Order.

Dated: 4/8, 2003

**EDWALL LAW OFFICE**

By: ______________________
Alfred H. Edwall, Jr. (#0166984)
70 County Road C West
Suite #704
Little Canada, Minnesota 55117
Telephone (651) 489-7371

**ATTORNEY FOR PLAINTIFF**

**MORRISS, BATEMAN, O'BRYANT, CAMPAGNI**

Dated: ______________, 2003

By: ______________________
Wesley Lang (#4613)
136 South Main Street
Suite #700
Salt Lake City, UT 84101

**ATTORNEY FOR DEFENDANT**

**IT IS ORDERED**

Dated: Apr. 10, 2003

______________________
United States Magistrate Judge