UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rocket Aerohead Corporation,

Plaintiff,

v.

Civ. No. 01-333 (JNE/JGL)
ORDER

Victor Jay Liechty, II,

Defendant.

---

Alfred H. Edwall, Esq., Edwall Law Office, appeared for Plaintiff Rocket Aerohead Corporation.

Wesley M. Lang, Esq., Morriss O'Bryant & Compagni, and Michael P. North, Esq., Arthur, Chapman, Kettering, Smetak & Pikala, P.A., appeared for Defendant Victor Jay Liechty, II.

---

Rocket Aerohead Corporation (Rocket) brought this action against Victor Jay Liechty, II, seeking a declaration of non-infringement or invalidity of certain claims of United States Patent No. 6,171,206 ('206 Patent). In response, Liechty asserted a counterclaim against Rocket for patent infringement. The case is before the Court on Rocket's Motion for Summary Judgment and Liechty's Motion for Partial Summary Judgment.[1] For the reasons set forth below, the Court grants Rocket's motion and denies Liechty's motion.

## I. BACKGROUND

Rocket manufactures and sells mechanical broadheads. A mechanical broadhead is an arrowhead whose blades are configured toward the tip of the arrowhead and open upon impact. Rocket's president, Gregory Johnson, is the inventor of United States Patent No. 5,879,252 ('252 Patent). The '252 Patent issued from Application No. 935,101 ('101 Application), which was a continuation-in-part of Application No. 452,424 ('424 Application). The '424 Application was

---

[1] Also before the Court is Liechty's Motion to Strike. The Court denies the motion.

filed on May 26, 1995, and the ’101 Application was filed on September 25, 1997. The ’252 Patent’s Abstract states:

> An arrowhead for a target and hunting arrow that includes a plurality of pivoting sharpened blades having actuating tips that move from a closed folded position to an open and extended position as the arrowhead penetrates the target or game. The blades increase the cutting action of the arrowhead and prevent the arrowhead from passing through the target or game. Each blade can be of the same geometrical configuration.

On January 9, 2001, the ’206 Patent issued to Liechty from an application filed on May 17, 1997. The ’206 Patent’s Abstract states:

> Blade-opening arrowheads having pivotal blades, wherein each blade is hingedly connected at one blade end to an arrowhead body by a hinge pin. Each blade may be disposed at an angle relative to the central axis of the arrowhead body. Each blade freely rotates in a plane from a retracted in-flight position to an open position when penetrating an object where the other opposing blade end rotates away from the arrowhead body such that the sharp cutting edges of the blades are exposed at a full cutting diameter when the blades are in the open position. When in the retracted position a blade is securely held selectively adjactent to the arrowhead body by frictional engagement from methods independent of, or not dependent upon, the use of an element or elements in addition to that individual cutting blade, its hinge pine and its blade slot.

During the prosecution of the ’206 Patent, the patent examiner rejected several claims under 35 U.S.C. § 102(e) as being anticipated by the ’252 Patent. Liechty responded to the rejection by amending three independent claims. After the amendment, the independent claims, as well as several dependent claims, were allowed. Liechty asserts that Rocket infringes claims 1-9 and 15-21 of the ’206 Patent. He seeks summary judgment on the issue of infringement. Rocket moves for summary judgment, arguing that the asserted claims are invalid or not infringed.

## II. DISCUSSION

Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.

R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A. Validity**

Rocket asserts that it is entitled to summary judgment because the asserted claims of the ’206 Patent are invalid as anticipated by the ’252 Patent. During the prosecution of the ’206 Patent, the patent examiner rejected three independent claims and several dependent claims as being anticipated by the ’252 Patent under 35 U.S.C. § 102(e). In response, Liechty distinguished the ’252 Patent and amended the three independent claims to overcome the prior art reference, adding the phrase "said plane intersecting within said arrowhead body said central longitudinal axis of said arrowhead body." In that same submission, Liechty discussed two embodiments found in the ’424 Application: an arrowhead with a plurality of slots that are offset and parallel to the central longitudinal axis of the arrowhead body; and an arrowhead that discloses obliquely aligned slots. He also addressed the significance of the amendment to the three independent claims:

> Initially, as discussed above, the ’424 application only discloses blades and slots on arrowheads that are "offset" from alignment with the central longitudinal axis of the arrowhead body. As such, applicant respectfully submits that the ’424 application does not disclose or suggest arrowheads wherein either

> the slots or blades are disposed in a plane, "said plane intersecting within said arrowhead body said central longitudinal axis of said arrowhead body," as recited in [claims 1, 5, and 15]. That is, because the claimed plane intersects the central longitudinal axis within the arrowhead body, the plane is by definition not "offset" from the central longitudinal axis as required by the '424 application.

The patent examiner allowed the three independent claims and the dependent claims. Those claims are claims 1-9 and 15-21 of the '206 Patent.[2] Rocket contends that the claims as amended

---

[2] The independent claims are set forth below. Claim 1 states:

> A blade-opening arrowhead comprising:
>
> (a) an elongated arrowhead body having a central longitudinal axis;
>
> (b) a blade having a first end and an opposing second end; and
>
> (c) hinge means for pivotally connecting said second end of said blade to said arrowhead body to enable said blade to rotate between:
>
> > (i) a retracted position wherein said blade is positioned adjacent to said arrowhead body when said arrowhead body is in free flight; and
> >
> > (ii) an open position wherein said first end of said blade is rotated away from said arrowhead body, said blade in said open position being oriented in a plane inclined relative to said longitudinal axis of said arrowhead body to impart spinning to said arrowhead body upon penetration of an object, *said plane intersecting within said arrowhead body said central longitudinal axis of said arrowhead body*.

(Emphasis added.) Claim 5 is:

> A blade-opening arrowhead comprising:
>
> (a) an elongated arrowhead body having a central longitudinal axis and a receiving slot formed thereon, said receiving slot being bounded by opposing first and second sidewalls each extending to an exposed exterior center;
>
> (b) a blade having a first end and an opposing second end, said second end having an aperture extending therethrough; and
>
> (c) hinge means for pivotally connecting said second end of said blade to said arrowhead body to enable said blade to rotate between:

are still anticipated. The parties limit their arguments to whether the ’252 Patent teaches a mechanical broadhead whose blade and slot planes intersect the central longitudinal axis of the arrowhead with the arrowhead body. Thus, the determination of whether the asserted claims are anticipated turns on the construction of the terms in Liechty’s amendment.

“Anticipation is a question of fact and is determined by first construing the claims and then comparing the properly construed claims to the prior art.” *In re Cruciferous Sprout Litig.*,

---

> (i) a retracted position wherein said blade is positioned adjacent to said arrowhead body within said receiving slot; and
>
> (ii) an open position wherein said first end of said blade is rotated away from said arrowhead body, said blade in said open position being oriented in a plane inclined relative to said central longitudinal axis of said arrowhead body to impart spinning to said arrowhead body upon penetration of an object, said hinge means comprising a hinge pin mounted on said arrowhead and extending through said aperture of said blade, said hinge pin having a first end attached to said first sidewall of said receiving slot at a first intersecting location and a second end attached to said second sidewall of said receiving slot at a second intersecting location, *said plane intersecting within said arrowhead body said central longitudinal axis of said arrowhead body*.

(Emphasis added.) Claim 15 reads:

> A blade-opening arrowhead comprising:
>
> (a) an elongated arrowhead body having a central longitudinal axis;
>
> (b) an elongated receiving slot formed on said arrowhead body, said receiving slot being oriented in a plane inclined relative to said central longitudinal axis of said arrowhead body, *said plane intersecting within said arrowhead body said central longitudinal axis of said arrowhead body*; and
>
> (c) a blade having an attachment end rotatably mounted within said receiving slot such that said blade can be selectively rotated between a retracted position wherein said blade is received within said receiving slot and an open position, said blade being disposed in said plane inclined relative to said longitudinal axis of said arrowhead body when in said open position.

(Emphasis added.)

301 F.3d 1343, 1346 (Fed. Cir. 2002). In construing a claim, a court considers the language of the claim itself, the specification, and the prosecution history, if in evidence. *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369 (Fed. Cir. 2003). Absent an express intent to impart a novel meaning to a claim term, the term is presumed to take its ordinary and customary meaning as understood by one of ordinary skill in the art. *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003). The ordinary and customary meaning of the term may be determined by reviewing the claims themselves, dictionaries and treatises, and the written description, drawings, and prosecution history. *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1338 (Fed. Cir. 2003).

Again, Liechty amended his claims to overcome the patent examiner's rejection by adding the phrase "said plane intersecting within said arrowhead body said central longitudinal axis of said arrowhead body" to three independent claims. In claims 1 and 5, "said plane" refers to the plane in which the blade lies when in the open position. In claim 15, "said plane" refers to the slot that holds the blade when in the retracted position. The Oxford English Dictionary (2d ed. 1989) defines "plane" as "a surface such that every straight line joining any two points in it lies wholly in it;" "axis" as the "imaginary straight line about which a body . . . rotates;" "central" as "pertaining to the center or middle;" and "longitudinal" as "pertaining to length as a dimension." The specification and prosecution history are consistent with the ordinary meaning of these terms, and the Court construes the terms accordingly.

As explained in Liechty's memorandum of law in support of his motion for partial summary judgment, Liechty's patent "simply takes the concept of angled mechanical blades and adds the concept of orienting the blades and/or slots in planes that cross the center axis of the arrowhead within the arrowhead body." Unfortunately for Liechty, the '424 Application—which

ultimately became the ’252 Patent—teaches an arrowhead having mechanical blades and slots in planes that intersect the central longitudinal axis of the arrowhead within the arrowhead body.

Rocket relies on the affidavit of John Schaffer to establish that Figure 10 of the ’424 Application and of the ’252 Patent displays inclined blades in planes that intersect the central longitudinal axis of the arrowhead within the arrowhead body. Schaffer explains that an inclined blade on an arrowhead is by definition inclined from the central longitudinal axis of the arrowhead body and that the plane in which an inclined blade lies will intersect the central longitudinal axis of the arrowhead body, though not necessarily within the arrowhead body. Because the ends of the blade slots shown in Figure 10 are not on the same side of the arrowhead’s centerline, Schaffer explains that Figure 10 discloses blade planes that intersect the central longitudinal axis of the arrowhead within the arrowhead body. In response, Liechty argues that Figure 10 does not display blades and slots in planes that intersect the central axis of the arrowhead within the arrowhead body. He relies on the affidavit of Robert Mallinckrodt, who agrees with Schaffer that inclined blades will intersect the central longitudinal axis of the arrowhead at some point. Malinckrodt opines, however, that Figure 10 does not show an arrowhead having blades and slots in planes that intersect the central longitudinal axis of the arrowhead within the arrowhead body. Mallinckrodt essentially reads another drawing into Figure 10 so as to alter the teaching of Figure 10. Figure 10 clearly shows blades and slots that lie in planes that intersect the central longitudinal axis of the arrowhead within the arrowhead body.

Liechty next argues that Figure 10 is not enabling. “A claimed invention cannot be anticipated by prior art if the allegedly anticipatory disclosures cited as prior art are not enabled.” *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1354 (Fed. Cir. 2003).

"Enablement requires that 'the prior art reference must teach one of ordinary skill in the art to make or carry out the claimed invention without undue experimentation.'" *Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003). Whether undue experimentation would have been required to make and use an invention is a question of law based on underlying factual inquiries. *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1369 (Fed. Cir. 1999). Here, the '424 Application teaches an arrowhead having inclined blades and slots in planes that intersect that central longitudinal axis of the arrowhead body. Figure 10 teaches blades and slots in planes that intersect the central longitudinal axis within the arrowhead body. Accordingly, the Court concludes that the '424 Application was enabling.

In conclusion, viewed in the light most favorable to Liechty, the record reveals that claims 1, 5, and 15 of the '206 Patent are anticipated. The '424 Application, which ultimately became the '252 Patent, teaches an arrowhead having mechanical blades and slots in planes that intersect the central longitudinal axis of the arrowhead within the arrowhead body. Liechty argued to the patent examiner for the allowance of the dependent claims based on the amendment to the independent claims. Accordingly, the dependent asserted claims are anticipated as well. *See Richardson-Vicks, Inc. v. Upjohn Co.*, 122 F.3d 1476, 1480 (Fed. Cir. 1997). Rocket is therefore entitled to summary judgment.

**B. Infringement**

Cross-motions for summary judgment on the issue of infringement are before the Court. Because the asserted claims are invalid, the Court declines to consider the parties' arguments regarding infringement. *See Ultradent Prods., Inc. v. Life-Like Cosmetics, Inc.*, 127 F.3d 1065, 1069-70 (Fed. Cir. 1997).

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Rocket's Motion for Summary Judgment [Docket No. 87] is GRANTED.
2. Liechty's Motion for Partial Summary Judgment [Docket No. 98] is DENIED.
3. Liechty's Motion to Strike [Docket No. 112] is DENIED.
4. Liechty's counterclaim for patent infringement is DISMISSED.
5. Claims 1-9 and 15-21 of United States Patent No. 6,171,206 are DECLARED INVALID.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 16, 2004

S/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge